UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES IRA JACKSON,

    Plaintiff,

v.                                    Case No.:   2:23-cv-959-SPC-NPM

FLORIDA CIVIL COMMITMENT
CENTER, JONES, CARNER,
HOUSTON and SNYDER,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff James Ira Jackson's Complaint for Violation of Civil Rights (Doc. 1). Jackson is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he files this action under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Jackson leave to proceed *in forma pauperis*, so the Court must review Jackson's Complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Jackson files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Jackson is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find

a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Jackson's Complaint does not state a claim against any defendant. Jackson alleges another FCCC resident named Kenneth West stabbed him during a fight. But the Complaint does not state how a defendant harmed Jackson. In fact, the factual allegations do not mention any of the defendants. Nor does the complaint identify any federal right that was violated. To continue prosecution of this action, Jackson must file an amended complaint alleging—in a short and plain statement—that one or more defendants deprived Jackson of a federal right. The fact that another resident harmed Jackson, without more, is not an adequate basis for relief under § 1983.

Because Jackson fails to state a claim, the Court will dismiss his Complaint without prejudice and give him leave to amend. To survive dismissal, an amended complaint must comply with federal pleading standards. That includes Federal Rule of Civil Procedure 10 which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Also, Jackson must include as defendants only the individuals personally involved in a constitutional violation—supervisory liability does not apply here. So for each defendant named in his amended complaint, Jackson must state how that defendant harmed him, and must identify what federal right that defendant violated.

Accordingly, it is now

**ORDERED:**

Plaintiff James Ira Jackson's Complaint (Doc. 1) is **DISMISSED without prejudice**. Jackson may file an amended complaint by December 4, 2023. Otherwise, the Court will close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on November 14, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record